**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MARK J. CRISCUOLO,** | ) | Case No. 09-14063-SSM |
| | ) | **Chapter 13** |
| Debtor; | ) | |
| _____ | ) | |
| | ) | |
| **DUNLAP, GRUBB & WEAVER, PLLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 09-1253-SSM |
| | ) | |
| **MARK J. CRISCUOLO,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**AMENDED ADVERSARY COMPLAINT AND
<u>OBJECTION TO DISCHARGEABILITY</u>**

Plaintiff Dunlap, Grubb & Weaver, PLLC ("the Dunlap Firm" or "Plaintiff"), pursuant to 11 U.S.C. § 523(a)(6), and Rule 7001 of the Federal Rules of Bankruptcy Procedure, respectfully submits this Amended Adversary Complaint and objection to the dischargeability of debts of Defendant Debtor Mark J. Criscuolo ("Criscuolo" or "Defendant").

1. In late January or early February 2009, Defendant induced the Dunlap Firm to perform work and continue performing work on his divorce case by promising, agreeing, and

Thomas M. Dunlap, VSB #44016
Michael C. Whitticar, VSB #32968
David Ludwig, VSB #73157
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty Street, SW
Leesburg, Virginia 20175-2715
Telephone: (703) 777-7319
Facsimile: (703) 777-3656
mwhitticar@dglegal.com

pledging that he was going to pay his debt to the Dunlap Firm out of a performance or profit sharing bonus that Defendant already had earned and was going to receive in March or April of 2009.

2. In late March or early April of 2009, Defendant promised, agreed, and pledged as a condition of keeping the Dunlap Firm available to continue performing legal services for Defendant and some related companies, that Defendant would pay his balance to the Dunlap Firm out of some excess tax withholding payments that he expected to receive from his employer or from the relevant taxation authorities. Defendant also promised, agreed, and pledged as a condition of keeping the Dunlap Firm available to continue performing legal services for Defendant and some related companies, that Defendant would pay his balance to the Dunlap Firm out of the performance or profit sharing bonus discussed above.

3. To the extent Defendant has received any performance or profit-sharing bonus, or funds related to his excess withholding of tax payments, Defendant wrongfully converted those funds and used them for other purposes, failing to pay the Dunlap Firm out of those funds as promised, agreed, and pledged, inflicting willful and malicious tortious injury on the Dunlap Firm.

**Jurisdiction**

4. This is an action under 11 U.S.C. § 523(a)(6), and Rule 7001 of the Federal Rules of Bankruptcy Procedure, objecting to the dischargeability of the Plaintiff's claims against the Defendant Debtor.

5. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b), 157(c)(1), and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Parties

6. The Plaintiff is a creditor of the Defendant.

7. The Dunlap Firm is Virginia professional limited liability corporation with its principal place of business at 199 Liberty Street, SW, Leesburg, VA 20175.

8. Defendant resides at 14416 Clubhouse Road, Gainesville, VA 20155.

### COUNT I: DENIAL OF DISCHARGE FOR WILLFUL AND INTENTIONAL MALICIOUS INJURY

9. Plaintiff alleges and incorporates by reference the averments and allegations stated in Paragraphs 1 through 8 to this Complaint as though fully set forth herein.

10. In late January and early February 2009, the Dunlap Firm was representing Defendant in a divorce case against Amy Criscuolo in the Prince William County Circuit Court.

11. At that time, the Dunlap Firm became concerned about Defendant's failure to make payments on his account and was considering whether it needed to withdraw as counsel. This was a crucial stage in the divorce case because the trial date was scheduled for late March, 2009.

12. In the last few days of January or the first few days of February, 2009, in order to induce the Dunlap Firm to work and perform future legal services for him, Defendant promised, agreed, and pledged to Michael C. Whitticar of the Dunlap Firm that Defendant had earned and was entitled to a bonus from his employer, that he would be receiving a large bonus from his employer in March or April of 2009, and that he would pay the Dunlap Firm's bills and pay the firm for its services in full out of the proceeds of his bonus promptly after Defendant received it.

13. From October 2008 through March of 2009, the Dunlap Firm had represented Defendant in a divorce case against Amy Criscuolo in the Prince William County Circuit Court.

14. In early to mid April 2000, and again in May 2009, Defendant promised, agreed, and pledged to the Dunlap Firm, through Michael C. Whitticar, that Defendant would pay his balance due to the Dunlap Firm out of the proceeds from $20,000 in excess tax withholding that he expected to soon receive back from his employer or from the relevant tax authorities. However, no such payment has been made.

15. Defendant agreed to those payments and promised and pledged his bonuses and his excess withholding payment to the Dunlap Firm due to his desire to procure the Dunlap Firm's willingness to continue advising him and/or some related businesses with respect to follow-up divorce issues and other legal matters relating to government contracting and procurement.

16. Defendant had previously promised, agreed, and pledged, in the last few days of January or the first few days of February, 2009, to pay the Dunlap Firm in full out of an employment bonus that Defendant reportedly had earned and was entitled to and would be receiving in April or May of 2009.

17. To the extent Defendant received either an employment bonus payment or a payment returning any alleged excess or additional tax withholding, he failed to pay those pledged funds to the Dunlap Firm to satisfy his debt to the firm, as Defendant had agreed, pledged and promised to do. Thus, to the extent Defendant received either an employment bonus payment or a payment returning any alleged excess or additional tax withholding, Defendant intentionally, tortiously and unlawfully converted those funds to his own use and benefit, wrongfully, intentionally and knowingly depriving the Dunlap Firm of dominion, use and control over the funds which Defendant had pledged to it.

18. To the extent Defendant received either an employment bonus payment or a payment returning any alleged excess tax withholding, Defendant converted those funds with actual knowledge of the Dunlap Firm's superior interest in and right to those funds and with the intention of taking those funds from the Dunlap Firm and denying it use of the pledged and promised funds.

19. To the extent Defendant received either an employment bonus payment or a payment returning any alleged excess or additional tax withholding, Defendant's conversion of those funds was done with actual intent to cause injury to the Dunlap Firm.

20. To the extent Defendant received either an employment bonus payment or a payment returning any alleged excess or additional tax withholding, he inflicted willful and malicious tortious injury against the Dunlap Firm, rendering Defendant's debt to the Dunlap Firm nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

21. On information and belief, Defendant knowingly, intentionally and tortiously received and converted over $11,700 in funds which he had pledged to use to pay the Dunlap Firm, willfully, maliciously and tortiously injuring the Dunlap Firm in the amount of $11,700, and the Dunlap Firm objects to Defendant discharging or attempting to discharge that debt.

WHEREFORE, the Dunlap Firm objects to Defendant discharging the $11,700 debt that he owes the Dunlap Firm, and the Dunlap Firm seeks to deny Defendant discharge of that debt for willful and malicious tortious injury pursuant to 11 U.S.C. § 523(a)(6).

Respectfully Submitted,
Dunlap, Grubb & Weaver, PLLC

Dated: April 7, 2010

/s/ David Ludwig
Thomas M. Dunlap, VSB #44016
Michael C. Whitticar, VSB #32968
David Ludwig, VSB #73157
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty Street, SW
Leesburg, Virginia 20175-2715
Telephone: (703) 777-7319
Facsimile: (703) 777-3656
mwhitticar@dglegal.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2010, a true and accurate copy of the foregoing Amended Adversary Complaint and Objections to Dischargeability was served by First Class mail, postage prepaid, on the following:

Martin C. Conway
Pesner Kawamoto Conway, PLC
7926 Jones Branch Dr. Suite 930
McLean, VA 22102
*Chapter 13 Counsel for the Defendant*

Thomas P. Gorman
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*

/s/ David Ludwig
David Ludwig